UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

MICA DONADELLE,

        *Defendant*.

20-CR-436 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

    On January 5, 2024, defendant, Mica Donadelle, filed a motion to appoint counsel to assist with his request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to Section 4A1.1 of the Sentencing Guidelines ("Amendment 821").[1] *See* Def.'s Mot. Appoint Counsel, ECF No. 49. I requested that the Federal Defenders of New York assess Mr. Donadelle's eligibility for a reduction under this new amendment. After determining Mr. Donadelle's eligibility, the Federal Defenders filed a consent motion to reduce his sentence. *See* Def.'s Consent Mot. to Reduce Sentence (Def.'s Mot.), ECF No. 51.

    Amendment 821 to the Sentencing Guidelines reduces the criminal history or "status points" added to a defendant's criminal history score if the defendant "committed the instant offense while under any criminal justice sentence." U.S.S.G. § 4A1.1(e). Prior to the amendment, if a defendant committed an offense while under a criminal justice sentence, two status points would be added to the defendant's criminal history score. *See* Amendment 821. Now, pursuant to

---

[1] The Sentencing Commission made Amendment 821 retroactive. *See* U.S.S.G. § 1B1.10(d) (Nov. 2023).

U.S.S.G. § 4A1.1(e), such a defendant will receive only one status point—and only if that defendant has already received seven or more points under the other subsections of § 4A1.1.

If a defendant is sentenced pursuant to a sentencing range that the Commission subsequently lowers, I may reduce the sentence after considering: "the factors set forth in section 3553(a)," see 18 U.S.C. § 3582(c)(2), "[p]ublic [s]afety," and the defendant's "[p]ost-[s]entencing [c]onduct," U.S.S.G. § 1B1.10, comment n.1(B). The section 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . .
> (5) any pertinent [Sentencing Commission] policy statement . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After he pleaded guilty to attempted possession of five hundred grams or more of cocaine with the intent to distribute, I sentenced Mr. Donadelle to sixty-four months' incarceration. Judgment 1–2, ECF No. 47. At the time of his sentencing, Mr. Donadelle received two additional status points for committing the offense while under supervised release for a prior federal drug offense, which brought his total criminal history score to five. See Presentence Investigation Report 7, ECF No. 38. Pursuant to Amendment 821, Mr. Donadelle now receives no additional status points for committing the offense while under supervised release, and his total criminal history score is reduced to three. See U.S.S.G. § 4A1.1(e). As a result, he is eligible for a one-

month sentencing reduction, from 64 months to 63 months.[2] *See* 2018 Chapter 5, Part A Sentencing Table.

The § 3553(a) factors and Mr. Donadelle's post-sentencing conduct support a reduction of his sentence from 64 to 63 months. Mr. Donadelle has maintained various work duties at the Bureau of Prisons, including positions of responsibility such as the Front Entrance Orderly. *See* Suppl. PSR 3; Def.'s Mot. 1. He has also participated in several educational programs, including drug education and resume writing courses, and received a commercial driver's license certification. Suppl. PSR 3. These efforts by Mr. Donadelle demonstrate his rehabilitation. Finally, a sentence reduction of one month presents no public safety concerns. As a result, I reduce Mr. Donadelle's sentence from 64 to 63 months.

SO ORDERED.

                                                    /s/
                                                Allyne R. Ross
                                                United States District Judge

Dated:        February 1, 2024
                Brooklyn, New York

---

[2] This conclusion is consistent with the conclusion of the United States Probation Department. *See* Suppl. Presentence Report 2–3 ("Suppl. PSR"), ECF No. 50. Defendant also filed his motion for a sentence reduction "[w]ith the consent of the government." Def.'s Mot. 1.